Paul F. SEGER and M. Karen Seger, et al., Appellants,

v.

FEDERAL INTERMEDIATE CREDIT BANK OF OMAHA, William Mattern, James C. Larson, and O'Neill Production Credit Association, Appellees.

No. 87–2093.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1988.

Decided July 7, 1988.

Michael G. Helms, Omaha, Neb., for appellants.

Michael Torpey, San Francisco, Cal., for appellees.

Before ARNOLD, Circuit Judge, and ROSS and HENLEY, Senior Circuit Judges.

ARNOLD, Circuit Judge.

The question presented is whether class B stock in the defendant O'Neill Production Credit Association is a security within the meaning of the Securities Act of 1933 and the Securities Exchange Act of 1934. The District Court[1] held in the negative, and we affirm.

The District Court's opinion fully and persuasively discusses the merits of this question, and we see no reason to add to it. Borrowers from the Production Credit Association (PCA) are required to purchase a certain amount of class B stock as a condition to obtaining a loan. The stock may be transferred only to other PCA borrowers, and it cannot be voted in proportion to the number of shares held. That is, each borrower has one vote regardless of the size of his or her loan or the amount of stock purchased. Stock certificates are not actually issued; ownership of stock is evidenced only by an entry in the books of the PCA. Dividends and appreciation in value are theoretically possible, but borrowers do not typically expect them, nor are these possible benefits a major part of the reasons why people borrow money from the PCA. The stock can technically be pledged as security, but it is already, and automatically, pledged to secure the owner's loan to the PCA, so the chance of the stock's ever being pledged as security for some other loan is, in practice, nonexistent. Accordingly, under the criteria set forth in the controlling Supreme Court authority, *United ed Housing Foundation v. Forman*, 421

U.S. 837, 95 S.Ct. 2051, 44 L.Ed.2d 621 (1975), this class B stock is not a security within the meaning of the federal securities acts, and the District Court correctly so held. We affirm on the basis of its opinion. See 8th Cir.R. 14.

It follows, as the District Court observed, that plaintiffs' claim based upon the Nebraska Securities Act, Neb.Rev.Stat. § 8–1101(12) (Reissue 1983), must also be dismissed, since this statute directs that it is to be construed in accordance with federal law. *Id.* at § 8–1122.

Plaintiffs' remaining state-law claims, including a cause of action for fraud, are, as the District Court explained, properly to be dismissed as being without an independent basis for federal jurisdiction. This dismissal is in effect without prejudice. Plaintiffs are free to pursue these claims in the state courts, subject to any available defenses, of course.

Affirmed.

---

**1.** The Hon. C. Arlen Beam, then Chief Judge, United States District Court for the District of Nebraska, now a United States Circuit Judge for the Eighth Circuit.